IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KHANDAKER AHAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:07-00414 |
| R. JAMES NICHOLSON, Secretary, | ) JUDGE HAYNES |
| Veterans Affairs, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff, Khandaker Ahad, filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. against the Defendant R. James Nicholson, Secretary, Department of Veterans Affairs. Plaintiff asserts a claim of religious discrimination, alleging that he is a Muslim and that Defendant failed to accommodate his religion's requirement for prayer service on Friday.

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 12), contending, in essence, that the Plaintiff has been provided an opportunity to attend his Friday service and has failed to show any adverse employment action by the Defendant. The Defendant also cites the Administrative Law Judge's earlier decision that the Plaintiff failed to prove religious discrimination under Title VII.

In response, Plaintiff asserts, in essence, that his proof is sufficient to prove that he has not been provided a reasonable accommodation for his Friday religious practices.

**A. Findings of Fact**

Plaintiff, an oplthomalogist at the Veterans Hospital, the York Medical Center in Murfreesboro, Tennessee, has practiced at that facility since 1992. (Docket Entry No. 25,

Defendant's Response to Plaintiff's Statement of Undisputed Facts at ¶¶ 1 and 2). Until Dr. Amy Chomsky became the Plaintiff's supervisor, Plaintiff has been permitted every Friday afternoon to attend religious prayer services that lasted approximately two hours. Id. at ¶¶ 3 through 5.

Plaintiff contends that Dr. Chomsky interfered with his ability to attend his Friday religious services, and on July 25, 2005, Plaintiff filed an administrative complaint with the Department alleging employment discrimination based upon his religion, age, race and sex. Plaintiff specific complaint was Dr. Chomsky's findings in a proficiency report. The Defendant investigated the Plaintiff's complaint that included a telephone deposition of the Plaintiff. Id. Plaintiff was asked and answered the following questions:

> Q: Now, okay, now, but you are being accommodated for your religion at this time? Are you given the time to attend religion services, is what I'm asking?
>
> A: She agreed to do that. I have - - I went to the human resources office. I didn't get anything in writing.
>
> Q: Okay.
>
> A: Let me put it this way. <u>I didn't get anything in writing. All is verbal</u>. I'm trying to get it in writing, but so far I have not been able to do so.
>
> Q: Okay, Dr. Ahad. <u>My question is, are you being accommodated to attend your religious services on Friday</u>?
>
> A: <u>It is being undermined from every respect</u>.
>
> Q: I'm sorry, I don't understand your response.
>
> A: <u>Accommodations has been made verbally, but all efforts are being made to make if difficult for me to attend</u>.

2

Id. at ¶ 10 (emphasis added).

The Department's determination after its investigation of Plaintiff's administrative complaint was as follows:

> Complainant was and is being accommodated for his religion; complaint was and is permitted to go to prayer services during the workday on Friday. Id. at ¶ 13. In addition, the agency finding was that, "complainant fails to establish a prima facia case of religious discrimination, whether disparate treatment or accommodation." In an opinion by the administrative law judge, she concluded that, "the record revealed that Dr. Khandaker Ahad is being accommodated for his religion. He is permitted to attend prayer services on Friday, during work hours."

Id. at ¶ 17. Plaintiff appealed that decision, but because an opinion was not issued timely, he withdrew his appeal and filed this action. Id. at ¶¶ 20 and 21.

## B. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Accord, Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere

3

> existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 355-57 (6th Cir. 1989). But <u>see</u> <u>Routman v. Automatic Data Processing, Inc.</u>, 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in <u>Celotex</u>

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

<u>Celotex</u>, 477 U.S. at 323 (emphasis deleted).

4

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991)(quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrating the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]... must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby). Moreover, the Court of Appeals explained that

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1480 (cites omitted). See also Hutt v. Gibson Fiber Glass Products, No. 89-5731 (6th Cir. filed September 19, 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." quoting Liberty Lobby)).

If both parties make their respective showings, the Court then determines if the material

5

factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is `genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party</u>.
>
> * * *
>
> Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- `whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed</u>.'

<u>Liberty Lobby</u>, 477 U.S. at 248, 252 (citation omitted and emphasis added).

It is likewise true that

> [I]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: `The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

<u>Bohn Aluminum & Brass Corp. v. Storm King Corp.</u>, 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." <u>Duchon v. Cajon Company</u>, 791 F.2d. 43, 46 (6th Cir. 1986) <u>app.</u> 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation

6

omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." Webster's Third New InterNational Dictionary (1986).
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) cert. denied 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). Here, the parties have given some references to the proof upon which they rely. Local Rule 8(b)(7)(A) and (C) require a showing of undisputed and disputed facts.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

7

Case 3:07-cv-00414   Document 28   Filed 03/28/08   Page 7 of 10 PageID #: 438

4.  This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5.  A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: `whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6.  As on federal directed verdict motions, the `scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7.  The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8.  The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must `present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9.  The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the `old era' in evaluating the respondent's evidence. The respondent must `do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is `implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by

8

the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

Under Title VII, the Plaintiff must show that he was a member of a protected class, and was subjected to an adverse employment action, and was otherwise treated differently from similarly situated employees. McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). For a claim of religious discrimination, Plaintiff must demonstrate that he holds a sincere religious belief that conflicts with a job requirement; that he informed his employer of this conflict; and that he suffered an adverse employment action due to his employer's failure to comply or accommodate the cited conflict. Smith v. Pyro Mining Company, 827 F.2d 1081, 1085 (6th Cir. 1987). Upon proof to meet these elements, the employer must prove a requested accommodation is unreasonable and produces an undue hardship. Id.

Here, there is not any proof that Plaintiff suffered any loss of his wage, salary, or was in any way discharged or disciplined. Plaintiff concedes that his request has been accommodated and that he actually attends Friday services. Yet, Plaintiff is not satisfied because the accommodations is not in writing and makes conclusory references to the Defendant's interference. Plaintiff, however, failed to present any proof any such interference.

After a motion for summary judgment is filed, "[p]laintiff cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1389 (6th Cir. 1993). This Plaintiff did not do.

The Court concludes that the Defendant is entitled to summary judgment for the

9

Plaintiff's lack of proof of an adverse employment action or the failure of the Defendant to accommodate his request to attend religious services on Friday. Plaintiff's admission that he attends Friday services undermines his claim. Plaintiff's proof does not establish that the Defendant has failed to make a reasonable accommodation.

Accordingly, the Court concludes that the Defendant's motion for summary judgment (Docket Entry No. 12) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 28th March, 2008.

WILLIAM J. HAYNES, JR.
United States District Judge